MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON (WA 41777)
Associate Regional Solicitor
UNITED STATES DEPARTMENT OF LABOR
909 First Avenue, Suite 230
Seattle, WA 98104
Telephone: 206-757-6760
Email: Cameron.Katherine.E@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer*
*United States Secretary of Labor*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

LORI CHAVEZ-DEREMER,
    Secretary of Labor,
    United States Department of Labor,

                            Plaintiff,

v.

TORO BLANCO INC., d/b/a RANCHO CHICO (OMAK & SPOKANE DIVISION), a corporation; 7 LEGUAS, INC., d/b/a RANCHO CHICO (SPOKANE NW BLVD.), a corporation; RODRIGUEZ-ANAYA, Inc., d/b/a RANCHO CHICO (COLVILLE); NOLBERTO RODRIGUEZ, an individual; and GUILLERMINA RODRIGUEZ, an individual,

                            Defendants.

Case No.  2:26-cv-00140-RLP

~~PROPOSED~~ **CONSENT JUDGMENT AND ORDER**

Type text here

~~PROPOSED~~ CONSENT JUDGMENT AND ORDER
Case No. Type text here

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor; corporate Defendants Toro Blanco, Inc., d/b/a Rancho Chico (Omak and Spokane Division); 7 Leguas Inc., d/b/a Rancho Chico (Spokane NW Blvd.); and Rodriguez-Analya, Inc., d/b/a Rancho Chico (Colville); and individual Defendants Nolberto Rodriguez and Guillermina Rodriguez (collectively "Defendants") have agreed to resolve the matter in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A.    The Secretary filed a Complaint naming Defendants and alleging that they violated Sections 6, 7, 11(c), 12(c), and 15(a)(2)-(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. §§ 206, 207, 211(c), 212(c), and 215(a)(2)-(5).

B.    Defendants have retained counsel and acknowledge receipt of a copy of the Complaint in this action.

C.    Defendants waive service of process of the Complaint and their respective Summonses.

D.    Defendants further waive their responses to the Complaint.

E.    The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order without further contest.

F.    The Parties stipulate that the Court has jurisdiction over the Parties and the subject matter of this civil action and that venue lies within the Eastern District of Washington.

G.    Defendants admit that at all relevant times they owned restaurants in the state of Washington, and that together, they were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

H.    Defendants admit that at all relevant times they were employers of their employees listed on Exhibit A to this Consent Judgment and Order within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

I.    Defendants Nolberto Rodriguez and Guillermina Rodriguez admit that they owned each of the corporate Defendants. Defendants Nolberto and Guillermina Rodriguez represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

J.    On or about August 2023, the Secretary opened investigations of Defendants pursuant to the FLSA. Those investigations bear case numbers: 1989742, 1989743, and 1981659.

K.    As a result of these investigations, the Secretary determined that Defendants violated Sections 6, 7, 11(c), 12(c), and 15(a)(2)-(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 212(c), and 215(a)(2)-(a)(5) for their failure to pay minimum wage and/or overtime, failure to keep accurate records of hours worked by employees, employing at least one minor in a hazardous occupation, and by unlawfully retaliating against an employee. Defendants understand that the documents and investigation support these violations.

L.    In August 2024, the Parties entered into settlement agreements to resolve the Secretary's investigations and violation findings, pursuant to which Defendants were obligated to pay back wages, liquidated damages, punitive damages, and/or civil money penalties. The settlement agreements bear the case numbers 1989742, 1989743, and 1981659.

M.    As required under the terms of the settlement agreements, Defendants paid the civil money penalties owed; however, Defendants have failed to pay the back wages, liquidated damages, or punitive damages.

N.    To address Defendants' default, the Parties hereby agree to the entry of this Consent Judgment and Order, which shall supersede each of the settlement agreements for case numbers 1989742, 1989743, and 1981659.

O.    Defendants acknowledge that violating any provision of this Consent Judgment and Order may subject them to fines and penalties, including punitive damages, heightened civil money penalties, and/or contempt.

## PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), fail to pay to each of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at a rate less than the applicable minimum rate under the FLSA.

2.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which they are employed.

3.    Defendants shall not, contrary to Section 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records as required under 29 C.F.R. Part 516. Specifically:

    a.    Defendants shall accurately record the information required by 29 C.F.R. §§ 516.2 and 516.28 in payroll records for all employees, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours; and (5) which employees receive tips and the amounts of those tips.

    b.    Defendants shall record all wages paid to and hours worked by employees, regardless of the manner or rate of payment, on their payroll records.

    c.    Defendants shall provide employees with a paystub that accompanies their pay, on each payday, that reflects the employee's amount of pay, rate of pay, hours worked, and any and all deductions.

    d.    Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

4. Defendants shall not, contrary to Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

5. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) engage in in any retaliatory action, such as discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the

FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA by, among other things, testifying or otherwise reporting information to the Secretary, or questioning whether the employer is paying the employee in compliance with prevailing law. Prohibited discriminatory and retaliatory actions include telling employees that communication with the Secretary will result in negative or other action against them and/or otherwise deterring employees from cooperating with or speaking to the Secretary's representatives through threats, bribes or intimidation. Other prohibited discriminatory and retaliatory acts include but are not necessarily limited to: termination; discharge; layoffs; threats of termination, discharge or lay off; reverifying the employment eligibility of an employee Defendants unlawfully terminated; reduction to employees' work schedules or wages; intimidation; failure to hire; and providing negative references.

6. Defendants, jointly and severally, shall not continue to withhold payment of $360,000.00 (THREE HUNDRED SIXTY THOUSAND DOLLARS AND ZERO CENTS) in back wages hereby found to be due by Defendants under the FLSA to the employees listed in **Exhibit A**, which is incorporated herein and made part of this Consent Judgment and Order, as a result of their employment by Defendants during the periods listed in Exhibit A.

7. Defendants shall not in any way directly or indirectly, solicit, suggest, coerce, demand, require or accept any of the back wages, monetary damages, or liquidated damages from the individuals listed on **Exhibit A.** Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment and Order. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers,

agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with them, shall take the following affirmative actions:

8. Within thirty (30) days of the entry of this Consent Judgment and Order, Defendants shall provide to each of their employees a copy of the documents attached hereto as **Exhibit B** and shall post a copy of the same at each of their restaurants where it is visible to all employees working at that establishment. Additionally, and for a period of at least three (3) years following entry of this Consent Judgment and Order, Defendants shall provide a copy of Exhibit B to all future employees upon their retention.

9. Within thirty (30) days of the entry of this Consent Judgment and Order, Defendants shall affix a prominent and visible sticker or other label on all vertical dough mixers and other power-driven bakery machines at their business locations, identifying that the machines should not be operated by employees under age 18 years old.

## JUDGMENT

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants, jointly and severally, in the total amount of $750,000.00 (SEVEN HUNDRED FIFTY THOUSAND DOLLARS AND ZERO CENTS), which includes $360,000.00 in unpaid minimum and overtime back wages to Defendants' present and former employees who are identified in **Exhibit A**, plus an additional equal amount of $360,000.00 as liquidated damages to the employees identified in **Exhibit A**, plus $30,000.00 in punitive damages to the employee identified in **Exhibit A.**

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

10. Defendants shall, jointly and severally, pay the back wages, liquidated damages, and punitive damages hereby due under the FLSA and this Consent

Judgment to the employees listed on Exhibit A. To satisfy their monetary obligations under this Consent Judgment and Order, Defendants shall

    a. No later than thirty (30) days following the entry of this Consent Judgment, deliver to the U.S. Wage and Hour Division the last known contact information for all current and former employees listed in Exhibit A, including last known address, email, telephone number, and social security number.

    b. No later than fourteen (14) days after entry of this Consent Judgment, pay to the Secretary half of the judgment amount, $375,000.00 (THREE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS), toward punitive damages and liquidated damages owed.

    c. Pay to the Secretary the remaining half of the judgment, $375,000.00 00 (THREE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS), pursuant to the payment schedule listed in **Exhibit C,** which is hereby incorporated in and made part of this Consent Judgment and Order.

    d. Make the payments for back wages, liquidated damages and punitive damages required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment – WE Region." Payments shall reference Case Number 1981659.

11. Defendants shall executed the deed of trust which is attached hereto as **Exhibit D.** That deed of trust secures the payments described in paragraphs 10.c above. Defendants Nolberto and Guillermina Rodriguez affirm under penalty of perjury that they have authority to execute the deed of trust attached hereto as **Exhibit D,** and attest under penalty of perjury that the Property has sufficient

equity to secure the amounts specified in paragraph ¶ 10.c ($375,000.00). Defendants agree not to further encumber the Property until the Judgment is paid or the deed of trust is recorded.

12. Within 30 days of Defendants satisfying the payment obligations of the Consent Judgment and Order, the Secretary will provide Defendants with a deed of reconveyance to effectuate the cancellation and removal of the deed of trust associated with this Consent Judgment and Order. Defendants will then record the deed of reconveyance provided by the Secretary to terminate the deed of trust.

13. The Secretary shall distribute the payments described in paragraph 10 to employees listed in **Exhibit A,** or if necessary, to the employees' estates. If any monies are not distributed to employees within three years from the date of receipt of payment from Defendants because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States of America as miscellaneous receipts under 29 U.S.C. § 216(c).

## MISCELLANEOUS PROVISIONS

14. The filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment and Order shall not act as or be asserted as a bar to any action or claim under FLSA Section 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached **Exhibit A,** nor as to any employee named on the attached **Exhibit A** for any period not specified therein, nor as to any employer other than Defendants.

15. This Consent Judgment and Order may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a Party's signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. Each party shall bear their own fees, costs, and other expenses incurred

by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Consent Judgment and Order herein.

17.    This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

**IT IS SO ORDERED.**

Dated this ___10th___ day of ___April___, 2026.

_____

Hon. ___Rebecca L. Pennell___

UNITED STATES DISTRICT JUDGE

Dated: March 18, 2026

| | |
|---|---|
| *For Defendants Toro Blanco, Inc., d/b/a Rancho Chico (Omak and Spokane Division), 7 Leguas Inc., d/b/a Rancho Chico (Spokane NW Blvd.), and Rodriguez-Analya, Inc., d/b/a Rancho Chico (Colville), individual Defendants Nolberto Rodriguez and Guillermina Rodriguez* | *For the Secretary of Labor, United States Department of Labor* |

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

/s/ *Katherine E. Cameron*
KATHERINE E. CAMERON
Associate Regional Solicitor
*Attorneys for Plaintiff Lori Chavez-DeRemer, United States Secretary of Labor*

_____
Toro Blanco, Inc.
By: Nolberto Rodriguez

_____
7 Leguas Inc.
By: Nolberto Rodriguez

_____

Rodriguez-Anaya, Inc.
By: Nolberto Rodriguez

_____

Nolberto Rodriguez

_____

Guillermina Rodriguez

*Approved as to form:*

_____

Kammi Mencke Smith, Esq.   WSBA# 34911
Witherspoon Brajcich McPhee, PLLC
*Attorney for Defendants*

PROPOSED CONSENT JUDGMENT AND ORDER
Case No.                                                                                    Page 10

## EXHIBIT A – Employee Wages and Damages

| First Name | Last Name | Start Date | End Date | Back Wages | Liquidated Damages |
|---|---|---|---|---|---|
| Oscar Francisco | Bibian-Rodriguez | 8/29/2020 | 8/19/2023 | $40,567.51 | $40,567.51 |
| Edgardo M | Calderon Alatorrie | 3/29/2021 | 1/2/2024 | $3,771.50 | $3,771.50 |
| Cresenciano | Chavez | 8/29/2020 | 8/6/2022 | $16,801.23 | $16,801.23 |
| Emilio | Covarrubias | 4/17/2021 | 5/7/2022 | $397.38 | $397.38 |
| Eduardo | Delgadillo | 12/20/2022 | 4/25/2023 | $900.00 | $900.00 |
| Ethan Carlo | Diaz | 7/24/2021 | 10/15/2023 | $71.77 | $71.77 |
| Julio Cesar | Diaz | 3/13/2021 | 10/28/2023 | $855.95 | $855.95 |
| Jesus | Figueroa Angel | 8/29/2020 | 12/19/2020 | $7,539.59 | $7,539.59 |
| Emilio | Flores Lerma | 7/5/2022 | 1/2/2024 | $4,589.00 | $4,589.00 |
| Reynaldo J | Fuentes Ramirez | 3/2/2021 | 6/22/2021 | $570.00 | $570.00 |
| Eric | Gallardo Ortiz | 5/9/2023 | 5/9/2023 | $90.00 | $90.00 |
| Edgardo M | Garcia Calderon | 11/8/2022 | 11/8/2022 | $80.00 | $80.00 |
| Jose I | Garcia Calderon | 1/19/2021 | 1/2/2024 | $5,240.20 | $5,240.20 |
| Netastali | Garcia Chavez | 9/26/2023 | 10/10/2023 | $256.50 | $256.50 |
| Francisco | Garcia Ponce | 8/29/2020 | 4/1/2023 | $40,567.51 | $40,567.51 |
| Noe | Garcia Ponce | 8/29/2020 | 9/18/2021 | $11,962.53 | $11,962.53 |
| Jose Estanislao | Gonzalez Saldana | 4/3/2021 | 8/28/2021 | $47.92 | $47.92 |
| Serenity | Harris | 8/26/2023 | 9/2/2023 | $55.75 | $55.75 |
| Rene | Lucio Ortega | 7/1/2023 | 8/19/2023 | $1,412.71 | $1,412.71 |
| Braulio | Macias | 11/6/2021 | 8/19/2023 | $23,019.35 | $23,019.35 |
| Daniel | Martinez Macias | 8/29/2020 | 2/26/2022 | $17,395.50 | $17,395.50 |
| Maria Belen | Michel | 11/4/2023 | 12/9/2023 | $49.50 | $49.50 |
| Rey C. | Morales | 11/6/2021 | 5/27/2023 | $25,935.98 | $25,935.98 |
| Juan Carlos | Olamendi Diaz | 5/7/2022 | 4/8/2023 | $270.30 | $270.30 |
| Luis Ivan | Ortega Pitty | 4/24/2021 | 5/13/2023 | $555.43 | $555.43 |
| Yesenia | Parraguirre | 3/13/2021 | 10/28/2023 | $271.50 | $271.50 |

| | | | | | |
|---|---|---|---|---|---|
| Everardo | Perez | 2/16/2021 | 4/12/2022 | $2,919.00 | $2,919.00 |
| Nestor | Ramirez Macias | 5/9/2023 | 5/9/2023 | $84.00 | $84.00 |
| Jose L | Ramirez Silva | 6/20/2023 | 8/1/2023 | $455.00 | $455.00 |
| Edgar A | Rodriguez | 3/2/2021 | 1/2/2024 | $5,628.50 | $5,628.50 |
| Felipe | Rodriguez | 8/29/2020 | 4/30/2022 | $38,891.54 | $38,891.54 |
| Diego | Romo Martinez | 3/4/2023 | 8/19/2023 | $5,684.24 | $5,684.24 |
| Martin | Rosas | 1/9/2021 | 7/24/2021 | $317.75 | $317.75 |
| Sergio | Rosas | 7/24/2021 | 7/24/2021 | $42.78 | $42.78 |
| David E | Rosero Ponce | 3/2/2021 | 1/2/2024 | $5,549.00 | $5,549.00 |
| Jesus Adrian | Santana | 8/29/2020 | 8/19/2023 | $40,567.51 | $40,567.51 |
| Jose de Jesus | Segundo Barron | 8/29/2020 | 2/4/2023 | $40,567.51 | $40,567.51 |
| Vidal | Torres Moreno | 9/25/2021 | 2/19/2022 | $4,946.51 | $4,946.51 |
| Ismael | Valadez | 1/19/2021 | 1/2/2024 | $5,873.70 | $5,873.70 |
| Gregorio | Valadez Casillas | 3/29/2021 | 1/2/2024 | $3,280.00 | $3,280.00 |
| Jorge L. | Valdovinos | 1/9/2021 | 12/23/2023 | $1,414.35 | $1,414.35 |
| Salvador | Zuniga | 3/2/2021 | 5/25/2021 | $504.00 | $504.00 |
| | | | **TOTALS** | **$360,000.00** | **$360,000.00** |

| Employee | Punitive Damages |
|---|---|
| Rey C. Morales | $30,000.00 |

## EXHIBIT B – Notice of Rights

The U.S. Department of Labor, Wage and Hour Division conducted an investigation of employers TORO BLANCO INC., d/b/a RANCHO CHICO (OMAK & SPOKANE DIVISION), a corporation; 7 LEGUAS, INC., d/b/a RANCHO CHICO (SPOKANE NW BLVD.), a corporation; RODRIGUEZ-ANAYA, Inc., d/b/a RANCHO CHICO (COLVILLE); NOLBERTO RODRIGUEZ, an individual; and GUILLERMINA RODRIGUEZ, an individual, and found violations of the Fair Labor Standards Act, including that they failed to pay employees minimum and overtime wages.

You must be paid at least minimum wage for all hours worked. The minimum wage for Washington state is $17.13 per hour as of January 1, 2026.

You must be paid a rate of one and one-half times your regular rate for hours worked over 40. For example, if your regular rate is $17.13 per hour, you must receive at least $25.70 for each hour worked over 40 in a workweek. If you are asked to work while you are on a meal or rest break, you are still working and must be paid for that time. Most jobs such as cooks, servers, bussers, and cashiers qualify for overtime pay, and an employer cannot avoid paying overtime simply by paying on a salary basis.

Your employer cannot pressure you to under-report, alter, manipulate, or reduce the hours you worked. A paystub that you receive must have your gross and net wages; total hours worked; deductions and reason for deductions; dates of the pay period; and number of hours worked at each regular and overtime rate.

It is also illegal for any person to discourage you from talking to the U.S. Department of Labor about your working conditions or discourage you from pursuing your workplace rights in any way. If your employer, manager, or any other person retaliated against you in any way, contact Wage and Hour Division at (206) 398-8039.

---

~~PROPOSED~~ CONSENT JUDGMENT AND ORDER
Case No.                                                                    Page 13

## EXHIBIT C – Payment Schedule

| Payment due | Principal Amount | Interest | Total Due | Remaining Balance | Allocated to |
|---|---|---|---|---|---|
| 3/31/2026 | $ 14,889.27 | $ 1,562.50 | $ 16,451.77 | $ 360,110.73 | LD |
| 4/30/2026 | $ 14,951.31 | $ 1,500.46 | $ 16,451.77 | $ 345,159.42 | LD/Back Wages (BW) |
| 5/31/2026 | $ 15,013.61 | $ 1,438.16 | $ 16,451.77 | $ 330,145.81 | BW |
| 6/30/2026 | $ 15,076.16 | $ 1,375.61 | $ 16,451.77 | $ 315,069.65 | BW |
| 7/31/2026 | $ 15,138.98 | $ 1,312.79 | $ 16,451.77 | $ 299,930.67 | BW |
| 8/31/2026 | $ 15,202.06 | $ 1,249.71 | $ 16,451.77 | $ 284,728.61 | BW |
| 9/30/2026 | $ 15,265.40 | $ 1,186.37 | $ 16,451.77 | $ 269,463.21 | BW |
| 10/31/2026 | $ 15,329.01 | $ 1,122.76 | $ 16,451.77 | $ 254,134.20 | BW |
| 11/30/2026 | $ 15,392.88 | $ 1,058.89 | $ 16,451.77 | $ 238,741.32 | BW |
| 12/31/2026 | $ 15,457.01 | $ 994.76 | $ 16,451.77 | $ 223,284.31 | BW |
| 1/31/2027 | $ 15,521.42 | $ 930.35 | $ 16,451.77 | $ 207,762.89 | BW |
| 2/28/2027 | $ 15,586.09 | $ 865.68 | $ 16,451.77 | $ 192,176.80 | BW |
| 3/31/2027 | $ 15,651.03 | $ 800.74 | $ 16,451.77 | $ 176,525.77 | BW |
| 4/30/2027 | $ 15,716.25 | $ 735.52 | $ 16,451.77 | $ 160,809.52 | BW |
| 5/31/2027 | $ 15,781.73 | $ 670.04 | $ 16,451.77 | $ 145,027.79 | BW |
| 6/30/2027 | $ 15,847.49 | $ 604.28 | $ 16,451.77 | $ 129,180.30 | BW |
| 7/31/2027 | $ 15,913.52 | $ 538.25 | $ 16,451.77 | $ 113,266.78 | BW |
| 8/31/2027 | $ 15,979.83 | $ 471.94 | $ 16,451.77 | $ 97,286.95 | BW |
| 9/30/2027 | $ 16,046.41 | $ 405.36 | $ 16,451.77 | $ 81,240.54 | BW |
| 10/31/2027 | $ 16,113.27 | $ 338.50 | $ 16,451.77 | $ 65,127.27 | BW |
| 11/30/2027 | $ 16,180.41 | $ 271.36 | $ 16,451.77 | $ 48,946.86 | BW |
| 12/31/2027 | $ 16,247.82 | $ 203.95 | $ 16,451.77 | $ 32,699.04 | BW |
| 1/31/2028 | $ 16,315.52 | $ 136.25 | $ 16,451.77 | $ 16,383.52 | BW |
| 2/28/2028 | $ 16,383.52 | $ 68.26 | $ 16,451.78 | $ (0.00) | BW |
| Total | $ 375,000.00 | $ 19,842.49 | $ 394,842.49 | | |

**EXHIBIT D – Deed of Trust**

When recorded return to:
Katherine E. Cameron
U.S. Dept. of Labor -Solicitor
909 First Ave., Suite 230
Seattle, WA 98104

# DEED OF TRUST

*(For use in the State of Washington only)*

THIS DEED OF TRUST, made this 18th day of March, 2026  between

Nolberto Rodriguez and Guillermina Rodriguez,
as GRANTOR(S),
16817 N. Highland Lane
Colbert, WA 99005

and

as TRUSTEE:
        Spokane County Title
Address:  1010 N. Normandie, Suite 100
        Spokane, WA  99201

and

as BENEFICIARY, U.S. Department of Labor
whose address is
909 First Avenue, Suite 230,
Seattle, WA 98104

WITNESSETH:  Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in Spokane  County, Washington:

Legal Description: MURPHY TR 42

Commonly known as 16817 N. Highland Ln., Colbert, WA  99005

Abbreviated Legal: (Required if full legal not inserted above.)

Tax Parcel Number(s): #37272.0813

which real property is not used principally for agricultural or farming purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter thereunto belonging or in any wise appertaining, and the rents, issues, and profits thereof.

This deed is for the purpose of securing the judgment against Grantor(s) in the civil case *Lori Chavez De-Remer, Secretary of Labor, United States Department of Labor v. Toro Blanco, Inc. 7 Leguas, Inc. Rodriguez-Anaya, Inc., Nolberto Rodriguez, and Guillermina Rodriguez* (E.D. Wash. 2026), and payment of the sum of THREE HUNDRED SEVENTY FIVE THOUSAND Dollars ($375,000.00), in accordance with the terms of a Consent Judgment and Order, and made by Grantor(s), and all renewals, modifications, and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of his/her/their successors or assigns, together with interest thereon at such rate as shall be agreed upon.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1. To keep the property in good condition and repair; to permit no waste thereof; to complete any building, structure, or improvement being built or about to be built thereon; to restore promptly any building, structure, or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor(s). The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

7. NO FURTHER ENCUMBRANCES: As an express condition of Beneficiary making the loan secured by this Deed of Trust, Grantor shall not further encumber, pledge, mortgage, hypothecate, place any lien, charge or claim upon, or otherwise give as security the property or any interest therein nor cause or allow by operation of law the encumbrance of the Trust Estate or any interest therein without the written consent of a Beneficiary even though such encumbrance may be junior to the encumbrance created by this Deed of Trust.

Encumbrance of the property contrary to the provisions of this provision shall constitute a default and Beneficiary may, at Beneficiary's option, declare the entire balance of principal and interest immediately due and payable, whether the same be created by Grantor or an unaffiliated third party asserting a judgment lien, mechanic's or materialmen's lien or any other type of encumbrance or title defect.

_N.R_
Grantor initials

_Beneficiary initials_
**Thomas Silva, WHD Seattle District Director
U.S. Department of Labor**

IT IS MUTUALLY AGREED THAT:

1. In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured hereby, shall be paid to Beneficiary to be applied to said obligation.

2. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

3. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

4. Upon default by Grantor(s) in the payment of any indebtedness secured hereby or in the performance of any agreement contained herein, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

5. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the property which Grantor(s) had or had the power to convey at the time of his/her/their execution of this Deed of Trust, and such as he/she/they may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

6. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

7. In the event of the death, incapacity, disability, or resignation of Trustee, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

8. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

_____          _____
Nolberto Rodriquesz                                  Guillermina Rodriguez,


State of WASHINGTON
County of Spokane

This record was acknowledged before me on March 18, 2026, by Nolberto Rodriguez and Guillermina Rodriguez,

_____
(Signature of notary public)

(Stamp)

> NOTARY PUBLIC
> STATE OF WASHINGTON
> DIANA LYNN REHN
> 75903
> MY COMMISSION EXPIRES
> OCTOBER 01, 2026

Notary Public in and for the State of Washington
(Title of office)
My commission expires: 10/1/2026

(date) 3/18/2026

REQUEST FOR FULL RECONVEYANCE - *Do not record.  To be used only when note has been paid.*

TO:  TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust.  Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated:  _____        _____

_____

LPB 22-05(i) rev. 07.2021
Page 5 of 5